UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL EDREI and MARY EDREI,**<br><br>    **Plaintiffs,**<br><br>  v.<br><br>**RICHARD D. FAIRBANKS, CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE SERVICES, INC., CAPITAL ONE, F.S.B., and CAPITAL ONE BANK,**<br><br>    **Defendants.** | 08-cv-3990 (WJM)<br><br><br>**ORDER** |

  **THIS MATTER** comes before the Court on Defendants' motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) for failure to satisfy the $75,000 amount in controversy requirement for diversity jurisdiction.  Where a defendant challenges the court's subject matter jurisdiction, the burden falls to the plaintiff to show that the jurisdictional amount requirement is satisfied by his claim for relief.  *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).  Plaintiffs have not filed an opposition to the motion.

  While the damages claimed by a plaintiff control if his claims are made in good faith, dismissal is warranted in diversity actions where it is apparent to a legal certainty from the face of the pleadings that the plaintiff cannot recover the amount claimed.  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  Even assuming *arguendo* that Plaintiffs could recover the maximum potential damages on all of

their claims, their recovery would fall far short of the $75,000 jurisdictional bar. Plaintiffs' potential recovery encompasses: (1) compensatory damages, which would be the $1200 demanded by Plaintiffs in an exhibit to their complaint (Edrei Aff. Ex. A); (2) punitive damages, which would be capped at $6000 under New Jersey law, N.J. Stat. Ann. 2A:15-5.14(b); and (3) treble damages under the New Jersey Consumer Fraud Act, amounting to $3600, N.J. Stat. Ann. 56:8-19. While Plaintiffs claim an entitlement to consequential damages, they have pled no ascertainable damages flowing from the breach, other than: (1) "Edrei's valuable time wasted," which the complaint estimates at $1200 and (2) "damaged ... ability to borrow from financial institutions." The first allegation is duplicative of the compensatory damages claim, while the latter allegation is pled with no specificity. Accordingly, this unsubstantiated consequential damages claim does not push the alleged damages over the $75,000 threshold. As such, it is apparent to a legal certainty that the amount in controversy requirement cannot be satisfied. For the foregoing reasons, and for good cause appearing;

**IT IS** on this 2nd day of February 2009 hereby

**ORDERED** that Defendants' motion is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiffs' complaint is **DISMISSED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**